NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____

ANGEL L. RODRIGUEZ,　　　　　　:
　　　　　　　　　　　　　　　　　:
　　　　Plaintiff.　　　　　　　　:　　Civ. No. 22-1376 (RMB-MJS)
　　　　　　　　　　　　　　　　　:
　v.　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　:　　**OPINION**
OFFICER TIRADO, et al.,　　　　　:
　　　　　　　　　　　　　　　　　:
　　　　Defendants.　　　　　　　:
_____　:

RENÉE MARIE BUMB, District Judge

　　Plaintiff Angel L. Rodriguez, a pretrial detainee confined in Cumberland County Jail in Bridgeton, New Jersey, filed this civil rights action on March 14, 2022. (Compl., Docket No. 1.) Plaintiff supplemented his complaint by writing four letters to the Court. (Suppl. Compl., Docket Nos. 2, 3, 4, 5.) Any further attempts to amend or supplement the complaint must be filed in compliance with Federal Rule of Civil Procedure 15, keeping in mind that "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings." In other words, if an amended complaint is filed without incorporating the claims from a previous complaint, the previous complaint is superseded and of no effect.

　　This Court has received Plaintiff's properly completed application to proceed without prepayment of the filing fee (("*in forma pauperis*" or "IFP"), which establishes

his financial eligibility to proceed with installment payments of the filing fee, when available in his prison trust account statement.

I.   *Sua Sponte* **Dismissal**

When a prisoner is granted IFP status, 28 U.S.C. § 1915(e)(2)(B) requires courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. Courts, however, must liberally construe pleadings that are filed pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, "a pro se complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (internal quotation marks omitted). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. *Iqbal*, 556 U.S. 678 (quoting *Twombly*, 550 U.S. at 556.)

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

## II. DISCUSSION

### A. The Complaint

Plaintiff makes the following allegations in his complaint (Docket Nos. 1-5), which are accepted as true for the purpose of screening the complaint for dismissal. Plaintiff was housed in the D-Pod of Cumberland County Jail for 13 consecutive days, including on March 1, 2022. Plaintiff was in his cell, with the door open, waiting for his opportunity to have dinner and a shower. Plaintiff could hear Officer Tirado "exchange words" with another inmate. The inmate then went to his cell and committed suicide, in Plaintiff's plain view. Plaintiff observed officers struggling to carry a large machine up a flight of stairs to resuscitate the inmate, so he ran to help

3

them. Plaintiff fell while carrying the machine, which caused him to suffer bruises and lacerations on the right side of his body, and abnormal feelings in his left arm and two fingers on his left hand. After the incident, Plaintiff did not receive his dinner and shower break, and he was not treated for his injuries until four days later due to insufficient medical staff. On his first visit with Nurse April Munson, she was rude and provided him only with Motrin. Plaintiff then saw Dr. Sigel, who gave him sleeping pills and Motrin for three days. Plaintiff was traumatized from viewing the suicide and continues to suffer nightmares and anxiety.

Warden Caldwell promised to pay Plaintiff's medical bills arising from the incident, and when Plaintiff complained to him that his medical request slips went unanswered, the warden directed Plaintiff to address his medical requests to Denise, the head of CFG. Approximately 30 days after the injury, Nurse Munson continued to treat Plaintiff with Motrin; the x-rays had not shown any injury; and Denise of CFG told Plaintiff she would not recommend an MRI. On April 12, 2022, Plaintiff was still waiting for Dr. James Neil to evaluate his arm and finger pain, which was unbearable.

The defendants to this action are Officer Tirado and Nurse April Munson.[1] Plaintiff alleges Officer Tirado constantly denied Plaintiff time out of his cell, allowing him out of his cell for only two 30-minute shower and activity breaks per week, which increased to 45 minute breaks after the suicide. Plaintiff also seeks to hold Officer

---

[1] The Court construes these § 1983 claims for money damages against the defendants in their individual capacities. *See Hafer v. Malo*, 502 U.S. 21, 27-29 (1991) (explaining difference between individual and official capacities in Section 1983 actions).

Tirado liable for the fact that Plaintiff witnessed another inmate's suicide, which Plaintiff directly attributes to Officer Tirado not letting the inmate out of his cell. Furthermore, Plaintiff seeks to hold Nurse April Munson liable for her failure to fully evaluate his injuries, and for treating him only with Motrin. In his supplemental letters, Plaintiff complains of continued ineffective medical treatment for pain in his left arm and fingers by Nurse Munson and others, although he did not name any additional defendants.

### B. Claims under 42 U.S.C. § 1983

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255–56 (3d Cir. 1994).

### 1. Claims Against Officer Tirado

This Court construes Plaintiff's claims against Officer Tirado as alleging unconstitutional punishment of a pretrial detainee in violation of the Due Process Clause of the Fourteenth Amendment. *See, Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (holding that the Due Process Clause of the Fourteenth Amendment protects pretrial detainees from conditions that amount to "punishment.") Whether a condition of confinement amounts to unconstitutional punishment requires a showing by the plaintiff of both objective and subjective components. *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). "[T]he objective component requires an inquiry into whether 'the deprivation [was] sufficiently serious' and the subjective component asks whether 'the officials act[ed] with a sufficiently culpable state of mind[.]' " *Stevenson*, 495 F.3d at 68 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The subjective component requires a showing of an express intent to punish or, alternatively, that the condition is not rationally related to a legitimate governmental objective or is excessive. *Stevenson*, 495 F.3d at 68; *Camps v. Giorla*, 843 F. App'x 450, 452 (3d Cir. 2021). To determine whether conditions of confinement amount to punishment, courts must consider the totality of the circumstances, and keeping in mind that conditions generally do not violate the Constitution unless inmates are required to endure "genuine privations and hardship over an extended period of time." *Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (internal quotations omitted).

It is not clear from the complaint whether Officer Tirado, when he denied Plaintiff's requests to leave his cell, was merely enforcing an institutional policy, for

6

example, restrictions imposed to prevent the spread of COVID-19. The complaint does not clearly allege that Officer Tirado himself imposed restrictions that were excessive to any legitimate purpose or that Officer Tirado acted solely with the intent to cause mental suffering. Without additional information, this Court is unable to determine whether, under the totality of the circumstances, Plaintiff was subjected to unconstitutional punishment based on the time spent locked in his cell for thirteen days with only two 30-minute breaks. *See*, *Johnson v. Russell*, No. 21-CV-4821, 2022 WL 742734, at *3 (E.D. Pa. Mar. 11, 2022) (finding "generalized allegation that [the plaintiff] was facing 'excessive[,] overly aggressive restrictive lockdown measures' is insufficient to plausibly allege that he was subjected to unconstitutional conditions"); *Chapolini v. City of Philadelphia*, No. CV 22-284, 2022 WL 815444 (E.D. Pa. Mar. 17, 2022) (stating that "without additional details about the lockdown measures, the court cannot assess the objective and subjective components of the alleged punishment.") The claim will be dismissed without prejudice.

In his supplemental letters, Plaintiff alleges verbal harassment by Officer Tirado. Verbal harassment of a pretrial detainee typically does not rise to the level of a constitutional violation. *See, Ledcke v. Pennsylvania Dep't of Corr.*, 655 F. App'x 886, 888–89 (3d Cir. 2016) (finding pretrial detainee's claims of verbal harassment "fail as a matter of law" (citing *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) ("[A]cts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment.") This Court will dismiss the claim concerning harassment without prejudice.

7

### 2. Claim Against Nurse April Munson

Pretrial detainees' Fourteenth Amendment claims of inadequate medical care are analyzed under the same standard as similar claims brought by convicted and sentenced prisoners. *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). "Deliberate indifference to a prisoner's serious illness or injury states a cause of action under s 1983." Estelle v. Gamble, 429 U.S. 97, 105 (1976)). Allegations of negligence are insufficient; "[i]n order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. The Third Circuit has found deliberate indifference where a prison official:

> (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment. *See Durmer*, 991 F.2d at 68 (citing *Monmouth County Correctional Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346–47 (3d Cir.1987)). We also have found "deliberate indifference" to exist where the prison official persists in a particular course of treatment "in the face of resultant pain and risk of permanent injury." *Napoleon*, 897 F.2d at 109–11 (holding that allegations of several instances of flawed medical treatment state a claim under Eighth Amendment).

*Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

Plaintiff's claim that Nurse April Munson failed to prescribe a new medication when Motrin was ineffective to reduce his severe and chronic pain may proceed. *See*,

*Tenon v. Dreibelbis*, 606 F. App'x 681, 686 (3d Cir. 2015) (allegations of failure to respond to requests for stronger pain medication for excruciating pain from jaw fracture two weeks after injury were sufficient to state an Eighth Amendment claim). Plaintiff has not named any other medical professionals as defendants in this matter.

## III. CONCLUSION

For the reasons stated above, the Court will proceed the complaint in part and dismiss it in part.

An appropriate Order follows.

DATE:  April 28, 2022

                                                s/Renée Marie Bumb
                                                **RENÉE MARIE BUMB**
                                                **United States District Judge**