**HOLTZMAN MCCLAIN & LONDAR, PC**
A Professional Corporation
524 Maple Avenue, Suite 200
Linwood, NJ 08221
(609) 601-0900
Stephen D. Holtzman, Esquire (SDH 9921)
Jeffrey S. McClain, Esquire (JSM 0966)
Lilia Londar, Esquire (LL 1120)
Attorneys for Defendant April Munson

| | |
|---|---|
| Angel L. Rodriguez,<br><br>            Plaintiff,<br><br>v.<br><br>Officer Tirado and April Munson,<br><br>            Defendants. | **UNITED STATES DISTRICT COURT**<br>**District of New Jersey**<br>Camden Vicinage<br><br>Case No. 1:22-cv-01376 (RMB) (MJS)<br><br>Civil Action<br><br>**Answer on behalf of**<br>**Defendant April Munson** |

Defendant April Munson, APN by way of answer to Plaintiff's Complaint, say:

1a. Jurisdiction – This Defendant neither admits nor denies the allegation of this paragraph and leaves the Plaintiff to his proofs.
1b. Prisoner or confined person- This Defendant neither admits nor denies the allegation of this paragraph and leaves the Plaintiff to his proofs.
2. Previously Dismissed Federal Civil Actions or Appeals - This Defendant neither admits nor denies the allegation of this paragraph and leaves the Plaintiff to his proofs.
3. Place of Present Confinement- This Defendant neither admits nor denies the allegation of this paragraph and leaves the Plaintiff to his proofs.
4. Parties:
    a. Plaintiff Angel Rodriguez- This Defendant neither admits nor denies the allegation of this paragraph and leaves the Plaintiff to his proofs.
    b. First Defendant Officer Tirado – dismissed by Order Judge Renee Bumb 4/28/22.
    c. Second Defendant April Munson, APN, - denied.
5. Previously sought informal or formal relief- This Defendant neither admits nor denies the allegation of this paragraph and leaves the Plaintiff to his proofs.
6. Statement of Claims- Denied with respect to Defendant April Munson, APN.
7. Relief- Denied.
8. Jury – Non-Jury- This Defendant neither admits nor denies the allegation of this paragraph and leaves the Plaintiff to his proofs.
9. Pursuant to Judge Bumb Order 4/28/22- Documents 1, 2, 3, 4, 5- Denied.

Wherefore, Defendant April Munson demands judgment dismissing Plaintiff's Complaint together with attorney fees and costs.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

Defendant denies that they were in any way negligent.

### SECOND SEPARATE DEFENSE

Defendant asserts that if there was any negligence or violation of Plaintiffs' rights, it was done by an independent intervening agency, person or instrumentality over which Defendant had no control.

### THIRD SEPARATE DEFENSE

Defendant denies that they breached any duty owed to Plaintiff or any Defendant on cross-claims.

### FOURTH SEPARATE DEFENSE

Defendant asserts that proper medical care was rendered to Plaintiff and that he was not denied proper medical care.

### FIFTH SEPARATE DEFENSE

Defendant asserts that none of Plaintiff's constitutional rights have been breached.

### SIXTH SEPARATE DEFENSE

Defendant asserts that the claims of Plaintiffs and all cross-claims are barred for failure to state a claim upon which relief can be granted.

### SEVENTH SEPARATE DEFENSE

Defendant asserts that Plaintiffs' claims are barred pursuant to the New Jersey Tort Claims Act, Title 59 of the New Jersey Statutes.

### EIGHTH SEPARATE DEFENSE

Defendant asserts that Plaintiff's claims, if any, were proximately caused by Plaintiff's negligence and that Plaintiff contributed to the happening of the occurrence and his claims are therefore barred and subject to diminution pursuant to the Comparative Negligence Statute of the state of New Jersey.

**NINTH SEPARATE DEFENSE**

Defendant contends that Plaintiffs' claim is a Frivolous Lawsuit pursuant to Federal Rules of Procedure Rule 11 and that sanction, costs and attorney's fees should be issued with respect to this Plaintiff.

**TENTH SEPARATE DEFENSE**

Defendant denies that they breached any duty that was owed to Plaintiff and/or to any Defendant on any cross-claims with respect to the reasonable and necessary medical care which has been provided to Plaintiff.

**ELEVENTH SEPARATE DEFENSE**

Defendant asserts that the claims of the Plaintiff are barred by the Statute of Limitations.

**TWELFTH SEPARATE DEFENSE**

Defendant asserts that the cross-claims of any Defendant are improperly pleaded and improperly served upon Defendant.

**THIRTEENTH SEPARATE DEFENSE**

Defendant asserts that the cross-claims of any Defendant improperly identify Defendant and do not comply with the Federal Rules of Procedure.

**FOURTEENTH SEPARATE DEFENSE**

Defendant asserts that Plaintiff's claim is improper and violates the Prison Litigation Reform Act (P.L.R.A.) and should be dismissed.

**FIFTEENTH SEPARATE DEFENSE**

Defendant asserts that Plaintiff has failed to file an appropriate Affidavit of Merit for claims of professional negligence against April Munson, APN, Advance Practice Nurse licensed in the State of New Jersey and CFG Health Systems, LLC for claims of vicarious liability for professional negligence by licensed persons pursuant to New Jersey Statutes, N.J.S.A. 2A:53A-26, *et seq*. and applicable case law, including Hill Int'l Inc. v. Atlantic City Board of Education, 438 N.J.Super. 562 (App. Div. 2014).

**SIXTEENTH SEPARATE DEFENSE**

Defendant asserts that Plaintiff has failed to exhaust all available Administrative Remedies.

### SEVENTEENTH SEPARATE DEFENSE

Defendant is entitled to a credit for any expense paid by insurance or other third parties which are claimed as damages by Plaintiff pursuant to N.J.S.A. 2A:15-97.

### EIGHTEENTH SEPARATE DEFENSE

While denying liability to the Plaintiff, Defendant asserts that if any co-Defendant effects a settlement with Plaintiff, Defendant shall seek a molding of the verdict to reflect its proportionate liability pursuant to the provisions of the Comparative Negligence Act and pursuant to the principles set forth in Young v. Latta, 233 N.J. Super. 520 (App. Div. 1989).

### NINETEENTH SEPARATE DEFENSE

Defendant asserts that the claim for punitive damages is made in bad faith, and solely for the purposes of harassment, delay or malicious injury, and therefore, seek any and all remedies available under the Statute for Frivolous Pleadings, with regards to any claims for reckless conduct, or seeking punitive damages, pursuant to N.J.S.A. 2A:15-59.1.

### TWENTIETH SEPARATE DEFENSE

Plaintiff's claim for punitive damages is in violation of the United States Constitution and New Jersey Constitution and, thus, Plaintiff cannot recover damages against these Defendants.

### TWENTY-FIRST SEPARATE DEFENSE

Defendant asserts that there has been no violation of any of Plaintiff's 42 U.S.C. 1983 rights.

### TWENTY-SECOND SEPARATE DEFENSE

Defendant denies that they are liable for any violation of any constitutional right or statutes claimed by the Plaintiff.

### TWENTY-THIRD SEPARATE DEFENSE

Defendant asserts that they acted within the scope of its authority, and that it is entitled to governmental and qualified immunity.

### TWENTY-FOURTH SEPARATE DEFENSE

Defendant asserts that Plaintiff's medical treatment was proper, based on the accepted standard of medical care and accepted constitutional standards.

### TWENTY-FIFTH SEPARATE DEFENSE

Defendant asserts that they cannot be held liable pursuant to the Doctrine of *Respondeat*

4

*Superior* for any of Plaintiff's claims.

## TWENTY-SIXTH SEPARATE DEFENSE

Defendant asserts that Plaintiffs' claims are barred by the doctrine of *res judicata* (claim preclusion).

## TWENTY-SIXTH SEPARATE DEFENSE

Defendant asserts that Plaintiffs' claims are barred by the doctrine of collateral estoppel (issue preclusion).

HOLTZMAN MCCLAIN & LONDAR, PC
/s/ Stephen D. Holtzman (SDH 9921)
**Stephen D. Holtzman, Esquire**

Dated: July 18, 2022

## ANSWER TO ALL CROSS-CLAIMS

Defendant hereby deny each and every allegation contained in any and all cross-claims filed by any and all co-Defendants in this matter.

HOLTZMAN MCCLAIN & LONDAR, PC
/s/ Stephen D. Holtzman (SDH 9921)
**Stephen D. Holtzman, Esquire**

Dated: July 18, 2022

## DEMAND FOR JURY TRIAL

Defendant hereby demand a trial by jury on all issues raised by these pleadings.

HOLTZMAN MCCLAIN & LONDAR, PC
/s/ Stephen D. Holtzman (SDH 9921)
**Stephen D. Holtzman, Esquire**

Dated: July 18, 2022

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

TAKE NOTICE that STEPHEN D. HOLTZMAN, is hereby designated as trial counsel on behalf of Defendant(s).

**H**OLTZMAN **M**CCLAIN & **L**ONDAR, PC
/s/ Stephen D. Holtzman (SDH 9921)
**Stephen D. Holtzman, Esquire**

Dated: July 18, 2022

**PROOF OF E-FILING AND SERVICE**

      I certify that the attached Answer on behalf of Defendant has been filed and served on all counsel of record through Electronic Case Filing on July 18, 2022 and further served as follows:

Angel L. Rodriquez
#88927
Cumberland County Jail
PO Box 717
54 W. Board Street
Bridgeton, NJ 08302

**H**OLTZMAN **M**CCLAIN & **L**ONDAR, PC
/s/ Stephen D. Holtzman (SDH 9921)
**Stephen D. Holtzman, Esquire**

Dated: July 18, 2022